IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :        CASE NO. 05-11884

MACGREGOR ELECTRIC, S.E.                  :        CHAPTER 7

    Debtor                                :

_____           :

MACGREGOR ELECTRIC, S.E.                  :        ADVERSARY NO. 08-00122

    Plaintiff                             :

vs.                                       :

OSSAM CONSTRUCTION, INC.;                 :
ABC SURETY COMPANY                        :

    Defendants                            :

_____           :

## OPINION AND ORDER

This adversary proceeding is before the court upon three (3) motions: plaintiff's motion to dismiss counterclaim, plaintiff's motion to strike affirmative defense, and defendant's motion for judgment on the pleadings.

The first is a motion to dismiss the counterclaim filed on October 27, 2008 (Docket No. 14) by the Chapter 7 trustee, representing the estate of MacGregor Electric, S.E., alleging the following: (i) Ossam Construction, Inc. does not have a right to setoff under Articles 1149-1150 of the Puerto Rico Civil Code, 31 L.P.R.A.§§ 3321-3222 because it does not have a "liquid and demandable claim," but rather a "litigious credit" (Motion to Dismiss, p. 4); (ii) Ossam Construction, Inc. has waived its right to the remedy of setoff since the same has not filed a proof of claim or demanded setoff until the filing of the Counterclaim on October 21, 2008; and (iii) the monies owed to MacGregor Electric, S.E. are subject to a lien in favor of the Chapter 7 trustee pursuant to §544 of the Bankruptcy Code once the case was converted to Chapter 7 on August 21, 2006. For the reasons set forth below the motion to dismiss the counterclaim is denied.

The second motion is a "Motion Pursuant To Rule 12(F)" filed on October 27, 2008 (Docket No. 15) by the Chapter 7 trustee, representing the estate of MacGregor Electric, S.E. (hereinafter

referred as "MacGregor," "Plaintiff" or "Counter-Defendant") to strike Defendant's affirmative defense number seven (7) in its Answer to Complaint regarding its alleged right of setoff under the provisions of the Bankruptcy Code, 11 U.S.C. §553. Defendant did not file a response to this motion. For the reasons set forth below the motion pursuant to Fed. R. Civ. P. 12(f) is denied.

The third is a motion for judgment on the pleadings filed on December 1, 2008 (Docket No. 20) by Ossam Construction, Inc. (hereinafter referred as "Ossam Construction," "Defendant," or "Counter-Claimant") alleging that the complaint fails to state a claim for relief since the same is vacant on averments related to the assumption, performance and/or completion of two particular contracts that Defendant and MacGregor Electric, S.E. had entered into and which are in controversy in this adversary proceeding. Jorge Luis Gerena, Chapter 7 trustee, in representation of MacGregor Electric, S.E. filed an "Opposition to Motion For Judgment on the Pleadings" on December 2, 2008 (Docket No. 24). For the reasons set forth below the motion for judgment on the pleadings is granted.

<u>Facts and Procedural Background</u>

Plaintiff, Macregor Electric, S.E., filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on October 14, 2005. On August 8, 2006 MacGregor moved the court to convert the case to Chapter 7 (Docket No. 58 in lead case 05-11884[1]). MacGregor included in Schedule B the amounts retained by Ossam Construction as an account receivable as of 07/31/2006 for the amount of $53,704.73 (Docket No. 70 in lead case). The detail of this account receivable consists of job 141-Alturas del Bosque for the amount of $36,881.23 and job 161-Sunbay Marina Villas for the amount of $16,823.50.

MacGregor filed the instant adversary proceeding against Ossam Construction, Inc. on August 18, 2008 alleging the following:

"1. Debtor MacGregor Electric, SE (MacGregor), did work for Ossam Construction (Ossam) in two projects, one called Alturas del Bosque and the other for Sun Bay Manila Villas. Ossam retained ten percent of the amount billed by MacGregor in both projects, to wit, $53,704.73. From at least March of 2005, MacGregor has attempted to collect said amount to no avail. Although Ossam finished both projects, it has not paid MacGregor aforementioned retained amount.

_____

[1]References to the lead case are to the entries and documents filed in the bankruptcy case, case number 05-11884(ESL).

2. This debt constitutes a breach of the parties contract or obligation and plaintiff, as the aggrieved party, seeks defendants' specific compliance and damages, to wit, 6% interest on the debt since accrued in accordance with Article 1061 of the Puerto Rico Civil Code, 31 L.P.R.A. §3025. The above mentioned amounts are liquid, demandable and due and are owed by defendants to plaintiff as stated above."

Defendant filed the answer to the complaint on October 20, 2008 (Docket No. 12), alleging that it does not owe any monies to Plaintiff because it had defaulted on both contracts, thus losing its interest in the retained amount, as stipulated in the contracts. In the alternative, Defendant alleges that it has a right of setoff under the provisions of the Bankruptcy Code, 11 U.S.C. §553 and also that it was not entitled to comply in whole or in part with its contractual obligations due to Plaintiff's breach of contract under the doctrine of *exceptio non rite adimpleti contractus*.[2]

Ossam Construction filed a counterclaim alleging that MacGregor "defaulted on both contracts without finishing the agreed scope of work" (Counterclaim, paragraph #6) and that MacGregor's "incompliance with the contract not only caused such party to lose any property rights and interest in the retained amounts, but also caused damages delays and losses to Ossam" (Counterclaim, paragraph #8). The counterclaim alleges that "[t]he losses caused to Ossam on the Alturas del Bosque project amounts to $81,555.29, excluding interests from the day the project was abandoned by McGregor" and "[t]he losses caused to Ossam on the Sunbay project amounts to $75,755.14, excluding interest from the day the project was abandoned by McGregor (Counterclaim,

---

[2]The doctrine of *exceptio non rite adimpleti contractus* pursuant to Article 1077 of the Puerto Rico Civil Code, 31 L.P.R.A. §3052 is a defense which is available to the defendant in the event that the plaintiff demands the fulfillment of the obligations of the defendant in a contract, despite having fulfilled partially or defectively its obligations in the contract. The effect of the application of this doctrine is that the defendant will not be obliged to fulfill its obligations under the contract until the plaintiff performs all of its obligations fully or free of defects. However, in those cases in which the application of the doctrine of *exceptio non rite adimpleti contractus* is contrary to the principles of contractual good faith the defendant is unable to assert that defense successfully and thus the end result is that a monetary reduction is allocated based on the obligations that have not been realized or those obligations which were defectively realized. Alvarez de Choudens v. Rivera Vázquez, 165 D.P.R. 1, 21-23 (2005); Puig Brutau, José, Fundamentos de Derecho Civil, Tome I, vol. II, 116-117 (Bosch 4th ed, 1988); See Mora Dev. Corp. v. Sandín, 118 D.P.R. 733 (1987); Martínez v. Colón Franco, Concepción, 125 D.P.R. 15 (1989); Costructora Bauzá, Inc. v. García López, 129 D.P.R. 579 (1991); Master Concrete Corp. v. Fraya, S.E., 152 D.P.R. 616 (2000).

3

paragraphs #12 and 13). On October 27, 2008 (Docket No. 14) MacGregor filed a motion to dismiss the counterclaim alleging that Ossam Construction does not have a right to setoff pursuant to Articles 1149-1150 of the Puerto Rico Civil Code, 31 L.P.R.A. §3221-3222 since it does not have a "liquid and demandable claim" but rather a litigious credit (Motion to Dismiss, pg. 4). Ossam Construction also alleges that MacGregor waived its claim to said remedy (setoff) since it did not file a proof of claim or demanded setoff (Motion to Dismiss, pg. 4). On October 27, 2008 MacGregor filed a "Motion Pursuant to Rule 12(F)" to strike Ossam Construction's affirmative defense #7, namely its alleged right to setoff pursuant to §553 of the Bankruptcy Code and Articles 1149-1150 of the Puerto Rico Civil Code, 31 L.P.R.A. §3221-3222 (Docket No. 15).

On December 1, 2008 Defendant filed a motion (Docket No. 20) for judgment on the pleadings alleging that the complaint must be dismissed because it fails to state a claim upon which relief can be granted, namely due to the following reasons: (i) it fails to plead sufficient facts to state a claim for collection of monies; (ii) it fails to plead sufficient facts to state a claim for collection of monies resulting from work done through an executory contract; and (iii) it fails to allege that Plaintiff performed and completed the scope of work. Defendant further alleges that the right to collect amounts retained under a construction contract is enforceable only after the work is performed and completed under the terms of the contract and as such Plaintiff under Fed. R. Bankr. P. 7009(f) is required to specify when and where completion of the work was effected (motion for judgment on the pleadings, p. 4). Plaintiff filed an "Opposition to Motion for Judgment on the Pleadings" (Docket No. 24) on December 2, 2008 alleging that the complaint satisfies the basic notice pleading requirement of Fed. R. Civ. P. 8 and that it provides Defendant a fair notice of Plaintiff's claim and the basis of the same. In addition, Plaintiff argues that it is not a requirement for a complaint to state that a project was completed to survive a motion to dismiss (Opposition to Motion for Judgment on the Pleadings, p. 3) and that Fed. R. Civ. P. 9(f) does not require a plaintiff to plead the time and place of alleged conduct which gives rise to a claim for relief (Opposition to Motion for Judgment on the Pleadings, p. 3-4). Plaintiff sustains that the contracts related to these projects are not executory contracts since the debtor performed the same and attempted to secure payment since at least March of 2005. Plaintiff also sustains that, "it must be inferred that plaintiff alleges that debtor performed

its contract and hence, there is no executory contract." (Opposition to Motion for Judgment on the Pleadings, p. 6).

On December 15, 2008 Defendant filed a "Reply to 'Opposition to Motion for Judgment on the Pleadings' and Supplemental Motion for Judgment on the Pleadings" (Docket No. 27) arguing that pursuant to Fed. R. Civ. P. 9(c) a plaintiff must aver all conditions precedent that have been performed, thus sustaining that an indispensable element Plaintiff must plead in the complaint is that it complied with all conditions precedent of the contract in order to be able to state a claim for breach of contract and specific performance. Plaintiff filed a "Motion to Strike Defendant's Reply to 'Opposition to Motion for Judgment on the Pleadings' and Supplemental Motion for Judgment on the Pleadings on December 21, 2008 (Docket No. 29) stating that Defendant's reply should be stricken from the record since it failed to request leave from the court to file its reply pursuant to L. C.v. R. 7.1(c). Plaintiff also argues that there is no procedural requirement under Article 1077 of the Puerto Rico Civil Code, 31 L.P.R.A. §3052, that requires a complaint to allege that a party has complied with its obligations (Motion to Strike, p.3).

<u>Applicable Law and Analysis</u>

*Motion to Dismiss Counterclaim*

Counter-Defendant's motion to dismiss counterclaim is solely based on its position that, "[t]he Counterclaim's basis is a claim for setoff against the retainage sought v. a claim that the work performed by MacGregor was defective and caused Ossam damages of $157,310.43." (Motion To Dismiss, p. 2). However, Ossam Construction in its counterclaim pleads the following: (i) "Plaintiff McGregor Electric, S.E. (McGregor) and defendant Ossam, Construction, Inc. (Ossam) agreed and entered two separate executory construction contracts for the development of two residential projects;" (ii) "Under the terms of both contracts Ossam was authorized to retain and hold 10% of the amount billed by McGregor, until final completion and acceptance of all work covered by the contract;" (iii) "Before final completion and acceptance of work, McGregor had financial trouble and defaulted on both contracts without finishing the agreed scope of work;" (iv) McGregor's incompliance with the contract not only caused such party to lose any property rights and interest in the retained amounts, but also caused damages delays and losses to Ossam;" (v) "Ossam had to bear

the cost of completing McGregor's unfinished work;" and (vi) "McGregor's default in the contracts is the proximate cause of Ossam's damages and losses, and McGregor is responsible and liable for such damages and losses." (Counterclaim, paragraphs #1, 5, 6, 8, 10 and 15). After perusing Ossam Construction's Counterclaim in its totality, this court finds that the Counterclaim is devoid of an allegation that Counter-Claimant has a right to setoff under §553 of the Bankruptcy Code, nor is such concept alluded to in the Counterclaim.   Thus, this court finds that Counter-Claimant has pleaded a cause of action sufficient to entitle it to offer evidence in support of its claim for breach of contract.

*Motion to Strike- Fed. R. Civ. P. 12(f)*

Fed. R. Civ. P. 12(f) establishes that, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Fed. R. Civ. P. 12(f). "Courts do not, however, view motions to strike affirmative defenses for legal insufficiency under Federal Rule of Civil Procedure12(f) favorably." Bio-Vita, Ltd. v. Rausch, 759 F. Supp. 33, 39 (D. Mass. 1991). Moreover, under Fed. R. Civ. P. 12(f) motions to strike an insufficient defense are not favored by the courts given their dilatory nature, and thus the same are often not granted unless there is a showing of prejudice to the moving party. See 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381 at 421-422. An insufficient defense under Fed. R. Civ. P. 12(f) depends upon the claim for relief sought and the particular defense that is in question. Id at 410.

A motion to strike a defense pursuant to Fed. R. Civ. P. 12(f) will be granted only if: (i) there are no questions of fact; (ii) that there are no disputed questions of law; and (ii) that under no set of circumstances the defenses could succeed. See Johnson v. Chrysler Corp., 187 F.R.D. 440, 441 (D. Me. 1999) and Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. 116, 121 (D. P.R. 1972). When considering the defenses to a complaint all well pleaded matters will be accepted as true and no matters contained outside the pleadings will be considered. Id. at 121. "Nor will a Rule 12(f) motion be granted if there is a substantial question of fact or a mixed question of law and fact that cannot be resolved, even if it is possible to determine the issue by drawing inferences from acts and statements that are not disputed." 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381 at 426-427.  Thus,

6

a motion to strike a defense must be denied if there are either questions of facts or disputed questions of law. See Gilbert v. Eli Lilly Co., Inc., 56 F.R.D. at 121. "But even when the defense seems to present a purely legal question, federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits, either on a summary judgment motion or at trial." 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381 at 423-425.

Plaintiff's motion to strike affirmative defense #7 was timely filed as it was filed within twenty (20) days after the Defendant filed its answer to the complaint. Plaintiff's claim for relief is due to an alleged breach of contract and the affirmative defense at issue is number seven, namely that, "[d]efendant does not owe any amount of money to plaintiff. In the alternative defendant is entitled to a setoff under §553 of the Bankruptcy Code." (Answer to Complaint, affirmative defense #7).[3] In the instant case, there is a disputed fact which is key to this case, namely which party (Plaintiff, Defendant or both) defaulted on such contracts. This controlling fact is at issue and will ultimately control the outcome of this adversary proceeding. Thus, the court denies the motion to strike defense #7 as an insufficient defense.

*Standard for Judgment on the Pleadings*

A Rule 12(c) motion serves as a mechanism to dispose of cases when there is no dispute of the material facts and a judgment on the merits can be achieved by focusing on the content of the pleadings, exhibits, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the court may take judicial notice. 5C Wright & Miller, Federal Practice and Procedure: Civil 3d §1367 at 206-207. See Tavares de Almeida v.

---

[3] "In general, a creditor must file a proof of claim in order to participate in any distribution from a debtor's bankruptcy estate. It does not necessarily follow, however, that a creditor who fails to file a proof of claim thereby waives a right to setoff for all purposes. The prevailing view is that the failure to file a proof of claim does not prevent the creditor from asserting the right as a defensive matter, although the creditor may be barred from collecting a dividend with respect to the amount of the claim that exceeds the creditor's offsetting debt to the debtor." Alan N. Resnick and Henry J. Sommer, 5 Collier on Bankruptcy ¶ 553.07[1] (15th ed. 2008).

7

Children's Museum, 28 F. Supp. 2d 682, 685 (D. Mass. 1998). A motion for judgment on the pleadings "tests the legal sufficiency of the complaint, not the plaintiff's likelihood of ultimate success." LaManque v. Massachusetts Dep't of Employment & Training, 3 F. Supp. 2d 83, 89 (D. Mass. 1998) referring to Furtick v. Medford Housing Authority, 963 F. Supp. 64, 67, n.9 (D. Mass. 1997). In ruling on such motion, the court must accept all of the material facts as alleged in the complaint and view the same in the light most favorable to the plaintiff. See Santiago de Castro v. Morales Medina, 943 F. 2d 129, 130 (1st Cir. 1991); Rivera-Gomez v. Castro, 843 F. 2d 631, 635 (1st Cir. 1988); Gaskell v. Harvard Coop. Soc'y, 3 F. 3d 495, 497 (1st Cir. 1993); International Paper Co. v. Jay, 928 F. 2d 480, 482 (1st Cir. 1991); Furtick v. Medford Housing Authority, 963 F. Supp. at 67, n.9 "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Wright & Miller, Federal Practice and Procedure 3d§ 1367 at 207-208. See Nelson v. University of Maine Sys., 914 F. Supp. 643, 647 (D. Me. 1996); and Geupel v. Benson, 704 F. Supp. 312, 313 (D. Mass. 1989). However, if the pleadings do not resolve all of the factual issues in the case, then a trial on the merits is deemed more appropriate. 5C Wright & Miller, Federal Practice and Procedure: Civil 3d §1367 at 216.

A motion under Fed. R. Civ. P. 12(c) may be made at any time after the pleadings are closed, but early enough not to delay trial. 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1367 at 211-212. "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings." 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1367 at 213.

Fed. R. Civ. P. 12(c) may be employed by the defendant as a vehicle for raising several of the defenses enumerated in Fed. R. Civ. P. 12(b), including the defense of failure to state a claim upon which relief may be granted. See 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1367 at 216, 218. "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." Perez Acevedo v. Rivero-Cubano, 520 F. 3d 26, 29 (1st Cir. 2008) referring to

8

Curran v. Cousins, 509 F. 3d 36, 43-44 (1st Cir. 2007); See also Marrero-Gutierrez v. Molina, 491 F. 3d 1, 5(1st Cir. 2007); Pasdon v. City of Peabody, 417 F. 3d 225, 226 (1st Cir. 2005); and Collier v. City of Chicopee, 158 F. 3d 601, 602 (1st Cir. 1998). "Because [a Rule 12(c)] motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom..." Id. citing "R.G. Fin. Corp. v. Vergara-Nunez, 446 F. 3d 178, 182 (1st Cir. 2006). "Under Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), to survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true...'" " Perez Acevedo v. Rivero-Cubano, 520 F. 3d at 29.

*Standard for Granting a Motion to Dismiss*

Motions to dismiss for failure to state a claim upon which relief may be granted are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a defense of "failure to state a claim upon which relief can be granted" to a claim for relief may be presented by motion before the filing of a responsive pleading. A motion to dismiss a counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) is available to test a claim for relief in any pleading, including a defendant's counterclaim. See 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 at 368-369.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 173 L. Ed. 2d. 868 (2009) citing Bell Atlantic v. Twombly, 127 S. Ct. at 1974. Thus, a "complaint must plead facts 'that raise a right to relief above the speculative level'" Dixon v. Shamrock Fin. Corp., 522 F. 3d 76, 79 (1st Cir, 2008); Cook v. Gates, 528 F. 3d 42, 48 (1st Cir. 2008); Gray v. Evercore Restructuring L.L.C., 544 F. 3d 320, 324 (1st Cir. 2008); Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008); Perez Acevedo v. Rivero-Cubano at 29; Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F. 3d 315, 320 (1st Cir. 2008); Citibank Global Markets, Inc. v. Rodriguez Santana, –F. 3d – 2009 WL 2100215, C.A. 1 (Puerto Rico), July 17, 2009. "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for

something more than conclusory allegations. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

*Conditions Precedent- Fed. R. Civ. P. 9(c)*

Fed. R. Civ. P. 9(c) establishes that, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). The rule is applicable in all actions in the federal courts, even when the pleading practice in the state in which the court is sitting is different. Watson v. Nalco Chem. Co, 272 F. 3d 13, 21 (1st Cir. 2001) citing 5A Wright, & Arthur Miller, Federal Practice and Procedure § 1302, (2d ed. 1987). "Despite its liberality, Rule 9(c) still obliges the pleader to allege compliance with the contract or the performance or occurrence of the conditions precedent was waived or excused." 5A Wright & Miller, Federal Practice and Procedure: Civil 3d § 1303 at 326. "A failure to allege the performance or occurrence of conditions precedent can be challenged by a motion to dismiss but normally should be curable by amendment under Rule 15." Id at 329. The court must also consider that, "[n]either Rule 9(c) nor Rule 8(a)(2) expressly requires that the performance or occurrence of conditions precedent be pleaded by a claimant. Rather, Rule 9(c) simply describes how performance or occurrence of conditions precedent is to be pleaded. However, some courts have found that such conditions must be at least generally alleged for the pleading to state a claim for relief." 2-9 Moore's Federal Practice-Civil § 9.04[1] .

Discussion for Judgment on the Pleadings

Defendant in its motion for judgment on the pleadings, states that, "...the allegations of the complaint taken as a whole fail to state a claim upon relief can be granted since nowhere in the complaint it is alleged that plaintiff performed and completed the scope of work it did for Ossam, and when and where such completion was effected." (Motion for Judgment on the Pleadings, paragraph #3). In addition, Defendant states that, "[b]ased on the applicable law it is evident that plaintiff's claim cannot survive unless it states whether or not the executory contract with defendant Ossam was performed and completed" (Motion for Judgment on the Pleadings, p. 7). Plaintiff in its Opposition

to Motion for Judgment on the Pleadings responds the following to this particular argument, "[u]nder said definition, the contract at hand is not an executory contract for it is plaintiff's position that debtor performed the contract and is therefore owed money by Ossam. Not only is that plaintiff's contention but also the complaint states that debtor attempted to secure payment since at least March 2005. Since the bankruptcy petition was filed on October 14, 2005, it must be inferred that plaintiff alleges that debtor performed its contract and hence, there is no executory contract." (Opposition to Motion for Judgment on the Pleadings, pgs. 5-6).

Plaintiff's complaint only alleges with respect to the retainage funds owed by Ossam Construction that, "[t]his debt constitutes a breach of the parties contract or obligation and plaintiff, as the aggrieved party, seeks defendants' specific compliance and damages, to wit 6% interest on the debt since accrued in accordance with Article 1061 of the Puerto Rico Civil Code, 31 L.P.R.A. § 3025."(Complaint, paragraph #2).  It is clear from this particular pleading, that the complaint stems from an alleged breach of contract, and that Fed. R. Civ. P. 9(c) is  applicable. However, the complaint does not contain allegations or general  averments regarding the performance of all conditions precedent under the two contracts. The only averment the complaint contains regarding the completion of both projects is the following, "Although Ossam finished both projects, it has not paid MacGregor aforementioned retained amount" (Complaint, paragraph #1). The allegation is that Ossam, the Defendant, and not MacGregor, the Plaintiff, finished the project. The absence of an allegation that Plaintiff completed the work it was contracted to perform is fatal. Therefore, the complaint fails to state a cause of action upon which relief can be granted for the alleged breach of the two contracts. Also, the record shows that Plaintiff, after Defendant's challenge, has failed to move the court for leave to file an amended complaint to comply with the pleading standards under Fed. R. Civ. P. 9(c), namely to include a general pleading that it complied with all conditions precedent under the two (2) contracts.

## Conclusion

In view of the foregoing, the court denies the motion to dismiss the counterclaim as the same pleads with sufficient particularity a cause of action for breach of contract. The court also denies the motion to strike affirmative defense #7 pursuant to Fed. R. Civ. P. 12(f), as there is a key fact in

11

controversy. Moreover, this court finds that Plaintiff's complaint stems from an alleged breach of contract action involving two (2) particular contracts, and that Fed. R. Civ. P. 9(c) is applicable to the instant case. The court concludes that the complaint fails to conform to the pleading requirements under Fed. R. Civ. P. 9(c) since the same is vacant of general pleadings or averments regarding the performance of all conditions precedent under these two (2) contracts. Thus, the complaint fails to state a claim for relief upon which relief may be granted under the standards of Fed. R. Civ. P. 12(b)(6).

Consequently, Plaintiff's motion to strike affirmative defense #7 and to dismiss the counterclaim are hereby DENIED. Furthermore, Defendant's motion for judgment of the pleadings is hereby GRANTED and the complaint is hereby DISMISSED.

Judgment shall be entered accordingly.

In San Juan, Puerto Rico, this 14th day of August 2009.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

12